UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESLY PROFILDORT,

Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), et al.,

Respondents.

No. 1:26-cv-07322-DAD-CKD

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAING ORDER AS MOOT

(Doc. Nos. 1, 3)

On September 11, 2026, petitioner, by and through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On the same day, petitioner filed a motion for temporary restraining order. (Doc. No. 3.) Petitioner alleges that he entered the United States without inspection in June 2021, he was apprehended upon arrival by respondents, and he was released from immigration detention about two weeks later on parole. (Doc. No. 1 at 7.) On or about August 21, 2026, petitioner alleges that he was re-detained by immigration authorities. (*Id.*)

Later on September 11, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or

fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.) In that same order, the court directed that if respondents opposed the court ruling on the underlying petition based on the current briefing before it, respondents were to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

Later that same day, respondents filed an opposition to the motion for temporary restraining order. (Doc. No. 8.) Therein, respondents "do not contend this case is materially distinguishable from the decisions identified in the Court's order." (*Id.* at 2.) Further, respondents do not oppose the court deciding this case on the merits based on the present briefing, and the court will do so.

In light of petitioner's allegation that he was previously paroled and respondents' concession that this case is not materially distinguishable from the circumstances addressed in the court's prior decisions, the court incorporates and adopts the reasoning set forth in its order in *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025). Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons explained above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner Lesly Profildort, A-File No. 220-360-664, from respondents' custody on the same conditions he was subject to prior to his recent re-detention;
    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation bond hearing before an immigration judge at which hearing the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence;
2. Petitioner's motion for temporary restraining order (Doc. No. 3) is hereby DENIED as having been rendered moot by this order granting him *habeas* relief;

3. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Center; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **September 15, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE